Tyco v. Walsh

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11ᵗʰ day of January, two thousand twelve.

PRESENT: GUIDO CALABRESI,
REENA RAGGI,
RAYMOND J. LOHIER, JR.
*Circuit Judges*,

-----------------------------------------------------------------

TYCO INTERNATIONAL LTD., A BERMUDA CORPORATION
*Plaintiff-Appellant*,

v.                                                    No. 10-4526-cv

FRANK E. WALSH, JR.,
*Defendant-Appellee.*

-----------------------------------------------------------------

FOR APPELLANT:    THEODORE B. OLSON, Gibson, Dunn & Crutcher LLP, Washington, D.C.; Mark Leslie Levine, Bartlit Beck Herman Palenchar & Scott LLP, Chicago, IL; Bryan Wykoff Leach, Bartlit Beck Herman Palenchar & Scott LLP, Denver, CO.


FOR APPELLEE:    MICHELE L. PAHMER, Stroock & Stroock & Lavan LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Denise L. Cote, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is REVERSED and REMANDED.

Tyco International Ltd. ("Tyco"), a Bermuda corporation, sued Frank E. Walsh, Jr., a former member of Tyco's board of directors, for breaching his fiduciary duty to Tyco by secretly receiving a $20 million payment from Tyco in connection with Tyco's acquisition of The CIT Group, Inc. ("CIT"), and failing to disclose his financial interest in the acquisition. Tyco now appeals from a judgment in Walsh's favor entered after a bench trial at which the District Court determined that, under Bermuda law, Tyco's board of directors had implicitly ratified the payment to Walsh, even though Walsh had breached his fiduciary duty to the company.[1] We need not here decide whether Walsh's breach of fiduciary duty was capable of ratification because, even if we were to resolve that issue in Walsh's favor, we conclude that, under Bermuda law, Walsh's breach could be ratified only by Tyco's shareholders, not its board of directors. It is undisputed that Tyco's shareholders did not ratify Walsh's breach. We therefore reverse the judgment of the District Court.

"[This Court] review[s] the [D]istrict [C]ourt's findings of fact after a bench trial for clear error and its conclusions of law de novo." Lockheed Martin Corp. v. Retail Holdings, N.V., 639 F.3d 63, 68 (2d Cir. 2011) (internal quotation marks omitted). We assume the parties' familiarity with the underlying facts, the procedural history of this case, and the issues on appeal.

This appeal presents the question whether, under Bermuda law, Tyco's board of directors was capable of ratifying a fellow director's breach of the fiduciary duties of

---

[1] In doing so, the District Court declined to reach the issues of waiver and estoppel that Walsh had asserted as additional affirmative defenses.

loyalty and honesty to the company. In resolving that question in Walsh's favor, the District Court appears to have conflated the issue of whether the board could ratify the CEO's decision to pay Walsh without first securing board approval with that of whether the board could ratify Walsh's failure to disclose his interest in the acquisition. As the District Court observed, "the directors of a corporation can ratify an act entered into on behalf of a corporation, if they are authorized to approve such an act on behalf of the company." Tyco Int'l Ltd. v. Walsh, 751 F. Supp. 2d 606, 621 (S.D.N.Y. 2010) (citing Peter Watts & F.M.B. Reynolds, Bowstead & Reynolds on Agency ¶ 2-078 (18th ed. 2006)). This understandable conclusion reflects a valid principle of Bermuda law relating to fiduciaries. As one treatise on English law[2] describes it, "those to whom the duties are owed may release those who owe the duties from their legal obligations and may do so either prospectively or retrospectively, provided that full disclosure of the relevant facts is made to them in advance of the decision." Paul L. Davies, Gower & Davies' Principles of Modern Company Law 437 (7th ed. 2003). Because the board was authorized to approve payments to a director under Tyco's Bye-Laws, it presumably could have ratified such payments, including the $20 million payment to Walsh.

In addition to finding that Walsh wrongfully received the $20 million payment, however, the District Court determined that Walsh breached his fiduciary duty to Tyco by failing timely to disclose "that he stood to benefit personally from [the board's] approval of Tyco's acquisition of CIT." Walsh, 751 F. Supp. 2d at 621. Under Bermuda law, those duties were owed to Tyco's shareholders, not its board of directors. See Miller v. Bain, [2002] 1 B.C.L.C. 266 (Ch.), ¶ 67, 2001 WL 1743253 ("It is well established that whilst a company is solvent, its directors owe the company a fiduciary duty to act bona fide in the company's interest, and that 'the company' in this context is understood to mean the shareholders, present and future, as a whole."). Accordingly, Bermuda law

---

[2] Bermuda is a British overseas territory that, for the most part, follows English law. See Decl. of Andrew A. Martin ¶ 6.

contemplates that "[o]nce a breach has occurred, . . . only a decision of the shareholders in general meeting can effect a release." Davies, supra, at 437; see Regal (Hastings) Ltd. v. Gulliver, [1967] 2 A.C. 134 (H.L.), 140, 150, 1942 WL 12815 (finding that an unauthorized allotment of shares by directors could be ratified "by a resolution (either antecedent or subsequent) of the Regal shareholders in general meeting"); Partco Grp. Ltd. v. Wragg, [2002] 1 Lloyd's Rep. 320 (Q.B.), ¶ 41, 2001 WL 1040203 ("I accept that, as a general rule, fraud or breach of fiduciary duty on the part of a director can only be ratified by the company in general meeting and upon full disclosure of the relevant facts.").

We are unaware of any authority in support of Walsh's suggestion that Bermuda law permits a board of directors to circumvent this rule, through its bye-laws or otherwise. Walsh has not pointed to a single case in which a court has upheld a board of directors' retroactive ratification of a director's breach of fiduciary duties under Bermuda law (or, for that matter, English law). Assuming for the sake of argument that such breaches can be ratified at all, therefore, only Tyco's shareholders would have been authorized to ratify Walsh's breach, and they did not do so.

Pointing us to treatises, Bermuda statutes, and caselaw, Tyco urges us to conclude that Walsh's breach was dishonest under Bermuda law, precluding ratification even by shareholders. See, e.g., Davies, supra, at 440-41; Bermuda Companies Act § 97(4); Shaker v. Al-Bedrawi, [2001] EWHC (Ch) 159, ¶ 143, 2001 WL 825485. Having concluded that Bermuda law does not permit a board of directors to ratify a director's breach of fiduciary duties and, at the very least, requires that the shareholders ratify such a breach, we need not address that issue.

The District Court resolved the principal damages issues in the event that Tyco prevailed on appeal. Neither party contests the District Court's resolution of damages, and we need not further address it. The parties dispute only whether the District Court determined that it would award consequential damages to Tyco relating to its retention of

Boies, Schiller & Flexner LLP. We leave this question for the District Court to address on remand.

We have reviewed the parties' other arguments and find them to be moot or without merit.[3] The judgment of the District Court is REVERSED and REMANDED for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[3] We therefore conclude that Walsh's waiver and estoppel defenses fail as a matter of law. Both of these defenses require an "unequivocal representation" by Tyco that it did not intend to enforce its legal right to sue Walsh for his breach of fiduciary duty. See Motor Oil Hellas (Corinth) Refineries S.A. v. Shipping Corp. of India ("The Kanchenjunga"), [1990] 1 Lloyd's Rep. 391 (H.L.), 399, 1990 WL 754730. The record does not permit such a finding.